**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3136
_____

TIMOTHY BURNS,
Appellant

v.

TROY STRATOS, a/k/a Ken Dennis; VENABLE, LLP; DAVID MEYER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-02134)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

Before:  KRAUSE, MATEY, and ROTH, <u>Circuit Judges</u>

(Opinion filed: October 29, 2020)
_____

OPINION[*]
_____

PER CURIAM

Timothy Burns appeals from the District Court's order dismissing his complaint as

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

well as its subsequent order denying reconsideration of that order. For the following reasons, we will vacate the District Court's judgment and remand the matter for further proceedings.

## I.

Burns is a former investment advisor who made a deal with Troy Stratos[1] to acquire forty million shares of stock from Facebook before its initial public offering.[2] In order to facilitate this transaction, Burns formed a company called ESG Capital Partners, which was capitalized with $13 million dollars of his clients' funds. Those same clients agreed to pay Burns commissions and fees premised upon his acquisition of the shares.

Burns wired $11.25 million dollars from ESG Capital to Stratos, but Stratos absconded with the money and failed to consummate the transaction. As a result, the deal never closed, Burns never bought Facebook shares for his clients, and Burns's clients never paid him the anticipated commissions and fees.

Meanwhile, Burns had used some of ESG Capital's money for personal purposes. He claimed that he intended to replace the money with the commissions and fees he earned from the Facebook transaction. Burns was prosecuted for this embezzlement, and, in June 2013, pleaded guilty to wire fraud, mail fraud, and bank fraud. He was sentenced to a term of sixty months' imprisonment.

_____

[1] At the time, Troy Stratos was operating under the alias "Ken Dennis."

[2] The facts are taken from the complaint and the Ninth Circuit's opinion in ESG Capital

2

In December 2013, Burns, represented by attorneys Joseph M. Fioravanti and Eugene Malady, commenced an action in the Court of Common Pleas of Montgomery County, Pennsylvania, against Stratos; David Meyer, the attorney who represented Stratos throughout the Facebook deal; and Meyer's law firm at the time, Venable, LLP. He claimed that Meyer and Venable had conspired with Stratos in the scam. Burns pleaded claims against Venable and Meyer for fraud, negligent misrepresentation, conversion, breach of fiduciary duty, conspiracy, unfair competition, and aiding and abetting. By way of damages, Burns sought to recover $60 million dollars, the amount he claims he would have earned in commissions and fees if the transaction had closed.

In April 2014, Venable removed the case to the United States District Court for the Eastern District of Pennsylvania. Venable then filed a motion to dismiss, which Meyer joined. For his part, Stratos filed an answer to the complaint and asserted a counterclaim against Burns. Following a hearing in early May, the District Court declined to rule on the motion to dismiss and stayed the case pending resolution of an action that ESG Capital had commenced against the same defendants in the Central District of California.

Approximately three years later, in January 2017, Venable advised the District Court that the California suit had been settled. At that time, however, Burns asked the District Court to continue the stay until his motion pursuant to 28 U.S.C. § 2255 was

Partners, LP v. Stratos, 828 F.3d 1023 (9th Cir. 2016).

3

adjudicated and he was released from prison, at which time he would look for new counsel in this civil matter. Lttr. 1, ECF No. 42. Burns noted that Fioravanti was still "Lawyer of Record," but asked the District Court to stop sending its orders and correspondence to Fioravanti, and to send it to him at his father's address instead. Id. Venable opposed Burns's request for "an indefinite stay," and asked the District Court to proceed with the case. Venable argued that Burns's intention to seek new counsel was no reason to continue the stay given that he still had counsel of record. Moreover, Venable added, "[t]o the extent that Mr. Burns wishes to obtain new counsel instead, the reasonable approach is not to wait four years until he is out of prison, but rather give him a set period of time in which to find new counsel, at which point the stay can be lifted." Lttr. 2, ECF No. 41.

The District Court then ordered Burns to show cause why the case should not be returned to the active docket, and scheduled a hearing for February 17, 2017. Burns asked the District Court to postpone the hearing until he was transferred to custody in Philadelphia so that he could participate. He assured the Court that his § 2255 hearing would take place before March 31, 2017. He also explained that he was seeking to replace Fioravanti because Fioravanti was representing him under a conflict of interest. The District Court denied Burns's pro se request for a continuance, apparently without considering its substance because he was represented by counsel. Order, ECF No. 46.

4

The February 17, 2017 hearing commenced as scheduled, with Fioravanti appearing on Burns's behalf. Fioravanti advised the District Court that Burns had asked to call into the hearing, but told the Court that he saw no reason for Burns to participate. Neither the District Court nor Fioravanti discussed Burns's attempts to obtain new counsel—other than Fioravanti noting, without any further discussion, that he "asked [Burns] to allow him to represent his interest." Tr. 8, ECF No. 52. Fioravanti and opposing counsel then agreed that the case should move forward. The District Court lifted the stay and granted Venable's request to file a renewed motion to dismiss. Venable filed that motion in March 2017, Meyer later joined it, and Fioravanti opposed it on Burns's behalf.

On September 25, 2017, the District Court granted Venable's and Meyer's motion and dismissed the complaint. The District Court first concluded that Burns failed to plead viable claims for conversion or breach of fiduciary duty because he did not allege that his property was converted or that a duty owed to him was breached—instead, he alleged only that the defendants had converted his clients' funds and breached a duty owed to them. The District Court then concluded that Burns's remaining claims for fraud, negligent misrepresentation, and unfair competition failed as a matter of law because he did not plead actual damages—but only expectation damages—and expectation damages are unavailable in tort under Pennsylvania law. And, the District Court explained, given that Burns's conspiracy and aiding-and-abetting claims were

5

based entirely on the alleged fraud, those claims failed as well. Lastly, the District Court considered whether amendment would be futile. The Court stated that the only legal theory under which Burns could potentially recover expectation damages from Venable and/or Meyer would be tortious interference with contract, but concluded that that claim would fail in any event because, even under Burns's theory of events, neither Venable nor Meyer "caused" the transaction not to close; rather, the transaction did not close because Stratos never transferred any Facebook shares to ESG Capital.[3]

Burns timely moved the District Court for reconsideration. He noted that although Fioravanti was still counsel of record, Fioravanti had in fact stopped representing him two years prior—but never filed a motion to withdraw. Burns stated that he had been without counsel during that time. In support of his contention that Fioravanti had stopped representing him in 2015, Burns attached to his motion a "summary" of a letter that Fioravanti allegedly sent to Burns on October 8, 2015, in which Fioravanti explained that he had decided to withdraw as counsel after learning that Burns was being charged for embezzlement in connection with the Facebook fraud. Fioravanti asked Burns to notify him when he obtained new counsel so that he could coordinate his withdrawal with the new counsel's entry of appearance.

---

[3] Burns sought review of the District Court's order, but this Court dismissed his appeal for lack of jurisdiction because Burns's claims against Stratos remained pending. Burns v. Stratos, C.A. No. 17-3278 (order entered Jan. 17, 2018). The District Court later dismissed the claim.

6

In his motion for reconsideration, Burns also advised the District Court that he had asked to attend the February 17, 2017 hearing in order to seek leave to amend his complaint "to include the damages [he] suffered, and to bring the Ruling in the 9th Circuit into an Amended Complaint as proof of [his] claims." Rule 59 Mot. 1, ECF No. 60. He stated that, contrary to the District Court's conclusion, he was a limited partner in ESG Capital and therefore did suffer direct losses from the defendants' fraud.[4]

The District Court denied the motion. The Court concluded that Burns's objection to Fioravanti's representation and allegations concerning his interest in ESG did not provide a basis for reconsideration under Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros.[5] With respect to Burns's request to amend his complaint, the District Court stated as follows:

---

[4] Specifically, Burns stated that:

> I wanted to Amend my Complaint to include damages I suffered and to add claims that this court opined would have survived the Motion to Dismiss. As Exhibit 8 shows under the "Cash from TDB" Column, in November 2012 I purchased the limited partnership interests of certain individuals in ESG Capital Partners, LP at their basis. This represented 2925 Partnership Units at a price of roughly $29.00 per unit satisfying the $75,000 requirement for diversity jurisdiction.

Mot. 2 ¶ 6, ECF No. 60.

[5] Under Max's Seafood Café, a judgment may be altered or amended if the movant shows "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [underlying motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." 176 F.3d 669, 677 (3d Cir. 1999).

To the extent [Burns] argues that he wished to amend his complaint to add [his allegation that he held a personal interest in ESG Capital] and his prior counsel failed to seek leave to amend, [Burns] was free at any time to fire his counsel and either retain new counsel or proceed pro se if he was unhappy with his counsel's performance. [Burns's] apparent lack of satisfaction with his attorney's performance does not constitute a basis for reconsideration.

Order 1 n.1, ECF No. 72.

Burns appeals.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[6] We review the District Court's order granting Venable's motion to dismiss de novo. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). We review the District Court's denial of leave to amend on the basis of futility for abuse of discretion. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010). We also review the District Court's denial of a motion for reconsideration for abuse of discretion, but we review underlying legal determinations de novo and factual determinations for clear error. Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

## III.

---

[6] Stratos's counterclaim against Burns was still pending in the District Court when Burns filed his notice of appeal, but the District Court later dismissed it for lack of prosecution. Therefore, this Court has jurisdiction over the appeal. See Cape May Greene, Inc. v.

8

Burns first argues that the District Court erred in refusing to continue the February 17, 2017 hearing until he could obtain new counsel or permit him to appear pro se. He asserts that Fioravanti had stopped representing him years before the February 17, 2017 hearing, and that Fioravanti "pretended to be his attorney" at the hearing even though Burns had asked both Fioravanti and the District Court to allow him to attend.

Upon careful review of the record, we are compelled to conclude that the District Court abused its discretion by failing to inquire into Burns's objections to Fioravanti's representation at the February 17, 2017 hearing. The District Court proceeded with that hearing despite Burns's clear wishes to obtain new counsel, and failed to inquire when Fioravanti mentioned that Burns wished to participate in the hearing by phone but he, Fioravanti, saw no reason to allow him to do so. That remark alone should have alerted the District Court to a potential attorney-client conflict and should have prompted the District Court to inquire into the representation issue. As we have held in criminal cases, "if a district court fails to make any on-the-record inquiry as to the reasons for the defendant's dissatisfaction with his existing attorney, it abuses its discretion" because "a Court must engage in at least some inquiry, even when the trial judge suspects that the defendant's contentions are disingenuous, and motives impure." United States v. Diaz, 951 F.3d 148, 154-55 (3d Cir. 2020) (internal quotation marks, alterations, and citations omitted). Under Diaz and under the common-sense principle that our adversarial system

Warren, 698 F.2d 179, 184-85 (3d Cir. 1983).

functions only when all parties are zealously represented by non-conflicted counsel, the District Court's failure to act amounted to an abuse of discretion.

Burns also challenges the District Court's denial of his request to amend his complaint. Burns contends that if he had been permitted to file a pro se amended complaint, he would have alleged facts to refute the District Court's conclusion that he could not succeed on his conversion or breach-of-fiduciary-duty claims because none of his property was at stake; according to Burns, he did in fact suffer a personal loss insofar as he was a limited partner in ESG Capital.

We view the District Court's denial of Burns's request for leave to amend as another abuse of discretion.[7] We have made clear that a district court's discretion in this area is limited: "[A] complaint may be amended once as a matter of right and afterward by leave of the court, which is to be freely granted." Adams v. Gould Inc., 739 F.2d 858, 864 (3d Cir. 1984). "This liberal amendment philosophy limits the district court's discretion to deny leave to amend"; a court may deny leave only if "a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." Id. Here, the District Court denied Burns leave to amend on the ground that his attorney—the same attorney Burns had repeatedly sought to replace—failed to request

---

[7] When a request to amend the complaint is included in a timely filed motion under Federal Rule of Procedure 59(e), "the Rule 15 and 59 inquiries turn on the same factors." Jang v. Boston Scientific Scimed, Inc., 729 F.3d 357, 368 (3d Cir. 2013) (quoting Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001)).

10

leave to amend sooner. Indeed, the District Court failed to give any affirmative reason for denying leave to amend, instead appearing to improperly place the burden on Burns to justify his request. Because the District Court failed to identify one of the three recognized reasons for denying leave to amend, it abused its discretion in denying Burns's request.[8]

## IV.

Accordingly, we will vacate the District Court's judgments entered on September 25, 2017, and April 23, 2018, and remand for further proceedings. Because it appears that Burns asked the District Court to dismiss his claims against Stratos solely to obtain a final appealable order, see 28 U.S.C. § 1291, we will vacate that order, entered May 9, 2018, as well. We will also vacate the District Court's March 11, 2019 order dismissing for lack of prosecution Stratos's counterclaim against Burns.

---

[8] Burns also challenges the District Court's conclusion that Burns's claims for fraud, negligent misrepresentation, and unfair competition failed as a matter of law because he did not plead actual damages—but only expectation damages—and expectation damages are unavailable in tort under Pennsylvania law. Because Burns will have a new opportunity to respond to Venable's and Meyer's motion to dismiss following remand, we express no opinion on the propriety of the District Court's ruling in this regard.